E-FILED
Wednesday, 28 July, 2010  03:43:19 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Kevin Gerrard, | ) |
| Plaintiff, | ) |
| v. | ) No. 09-CV-1272 |
| Andrews International, Inc., as successor in interest to Garda Security, Inc., as successor in interest to Vance Uniformed Protection Services, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues a Title VII claim for sex discrimination and retaliation. This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss based on the statute of limitations. For the reasons below, the Court recommends denial of the motion.

### Background

Defendant is a corporation providing private security services. Plaintiff worked as a managing director at Defendant's from August 2004 to June 4, 2009. (Complaint, ¶ 4). Plaintiff alleges that a female co-worker sexually harassed him and repeatedly subjected him to unwelcome sexual

advances, despite his requests to her that she stop. (Complaint, ¶¶ 8, 10). Plaintiff reported the misconduct to his supervisor, who did nothing. Plaintiff's complaints to human resources and the CEO were also to no avail. (Complaint, ¶¶ 9-10, 12-14, 16). In retaliation for his reports, Plaintiff's work territory was diminished, and he suffered other retaliation. (Complaint, ¶ 20).

Plaintiff filed a charge with the EEOC and received a notice of right to sue on May 14, 2009. (Complaint, d/e 1-1). Plaintiff filed this case on August 10, 2009,[1] two days before the 90-day deadline. The 120-day deadline for service under Fed. R. Civ. P. 4(m) was December 8, 2009.

Meanwhile, in April 2008, Plaintiff had filed a defamation claim in state court against the same Defendant (in addition to other defendants). That case was removed to federal court on diversity jurisdiction, and is pending before Judge McDade along with this case. *See* Gerrard v. GARDA, 08-1146. Counsel is the same for both cases.

On August 20, 2009, Defendant's counsel informed Plaintiff's counsel that he had been notified of the second lawsuit, and he offered to sign a waiver of service on Defendant's behalf:

---

[1] The docket sheet indicates that the Complaint was filed on August 10; the Complaint is stamped as e-filed on August 11.

> Carrie: I see from my firm's docket-reporting service that Gerrard filed a second lawsuit against Garda/Andrews recently. Last I checked, my client had not yet received service of this new suit. To make things easier on both sides, I suggest that you send a Rule 4(d) request for waiver of service directly to me; if you do so, I will accept it on Andrews's behalf.

(d/e 13-1, 8/2/09 e-mail).

Plaintiff's counsel, however, failed to send that waiver of service. On January 4, 2010, more than 120 days after Plaintiff filed his Complaint, this Court entered the following text order:

> Federal Rule of Civil Procedure 4(m) directs that a Plaintiff must serve a Defendant within 120 days of filing of the Complaint. The Court notes this Complaint was filed in the Central District of Illinois on 8/10/2009 and that the court file does not reflect service upon Defendant. Plaintiff is directed to file a status report by 1/15/2010 and to show cause why the case should not be dismissed for want of prosecution.

(1/4/10 text order). Plaintiff's counsel responded by admitting fault in failing to send the waiver and asking the Court to allow time for a waiver to be sent. (d/e 5)("Discovery and depositing have been ongoing in Case No. 08-CV-1146 and, unfortunately, this counsel failed to follow up with sending the Request for Waiver of Service to counsel for Defendants."). This Court then entered the following text order:

> Plaintiff's Status Report 5 reviewed. Court notes Plaintiff's good faith mistake that has delayed service. Plaintiff to perfect

service by 2/15/2010 or cause will be dismissed for want of prosecution.

(1/15/10 text order). Plaintiff sent a waiver on February 9, 2010, which was signed by Defendant's counsel the next day. (d/e 10). Defendant then moved to dismiss on the grounds that this action is barred by the statute of limitations.

## Analysis

Federal Rule of Civil Procedure 4(m) provides:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed this suit on August 10, 2009, just two days shy of the statute of limitations. Defendant contends that the statute of limitations tolled during the 120 days for service (until December 8), and then starting running again, to expire on December 10, 2009. According to Defendant's argument, this case was filed within the statute of limitations on August 10, but became barred by the statute of limitations once Plaintiff failed to serve the Complaint within 122 days. The case Defendants cite for that proposition, however, is a Second Circuit case that upheld dismissal for

*failure to serve* within 120 days, not a dismissal based on the statute of limitations. Frasca v. U.S., 921 F.2d 450 (2d Cir. 1990). The Court is unaware of any case holding that a timely filed claim becomes untimely for statute of limitations purposes because of late service. In that situation, the statute of limitations comes into play only after the case is dismissed for late service, when the plaintiff *refiles* the case.

Here, Plaintiff's Complaint was timely filed within the statute of limitations and therefore cannot be dismissed as barred by the statute of limitations, regardless of when it was served. The question is whether this case should be (or should have been) dismissed under Fed. R. Civ. P. 4(m) for failure to timely serve, not whether this case is barred by the statute of limitations.[2] *See* Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)(failure to serve within 120 days does not cause statute of limitations to run again: "the failure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless the failure to serve process causes the district court to dismiss the action."), *citing* Henderson v. U.S., 517 U.S. 654, n. 2 & 6 (1996)("In a suit on a right

---

[2] The Court therefore believes that Defendant's motion is more accurately a motion to dismiss under Rule 4(m), 12(b)(4) and/or 12(b)(5), rather than a 12(b)(6) motion.

created by federal law, filing a complaint suffices to satisfy the statute of limitations.").

Defendant first argues that this Court did not expressly extend the time for service because the text orders reference dismissal for want of prosecution. The first text order, though, expressly referenced Plaintiff's duty to serve within 120 days under Rule 4(m), and the second text order directed service be made by a date certain, which extended the time for service. Thus, the Court did, and intended to, extend the time for service under Rule 4(m).

Defendant next argues that granting an extension for service was error because Plaintiff has not shown good cause or "'excusable neglect'" for the delay. It is undisputed that there is no good cause for the delay, but Rule 4(m) allows an extension even in the absence of good cause. A showing of good cause *requires* a Court to grant an extension. A lack of good cause simply commits the decision to the Court's discretion. As the Seventh Circuit explained in Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 934 (7th Cir. 2002), the case cited by Defendant:

> [C]ase law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline. . . . [citations omitted]. Thus there is justifiable delay ("good cause"), but there is excusable neglect as well, as

grounds for extension. In the first case, that of good cause, an extension is mandatory; in the second, that of excusable neglect, it is permissive, and the judge must be affirmed provided he did not abuse his discretion, that is, act unreasonably, in deciding whether or not the plaintiff's delay was excusable.

Id.; *see also* Fed. R. Civ. P. 4(m) note to 1993 amendment ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause . . . and authorizes the court to relieve a plaintiff . . . even if there is no good cause shown."); Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 341 (7th Cir. 1996)(remanding for consideration of whether permissive extension was warranted, given statute of limitations bar).

Coleman upheld a district court's dismissal of a case for lack of service, even though the plaintiff had unsuccessfully attempted service on the 115th day, and the statute of limitations effectively barred refiling. However, the Seventh Circuit in Coleman remarked that most courts would have granted an extension:

> Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the

> suit (it has run on the plaintiff's Title VII claim, though not on her Thirteenth Amendment claim), most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships.

290 F.3d at 934.

Coleman is an illustration of the district court's wide discretion under 4(m), not an endorsement of the district court's handling of the issue. 290 F.3d at 934 ("[T]he fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve . . . .").[3] Defendant's other cited cases deal with whether a plaintiff showed good cause and do not discuss a court's ability to exercise its discretion in the absence of good cause. See Geiger v. Allen, 850 F.2d 330, 344 (7th Cir. 1988)(plaintiff failed to show good cause); Amnay v. Del Labs, 117 F.Supp.2d 283, 286 (2d Cir. 2000)(Second Circuit requires dismissal unless the plaintiff shows good cause for failure to serve);[4] Cooper v.

---

[3] Judge Williams concurred based on the abuse of discretion standard, but noted that "[d]oing so, however, troubles me, given the circumstances of this case. . . . I believe that the better course would have been to let the suit proceed." 290 F.3d at 935. Judge Evans dissented. Id. ("The bottom line here is that Beverly Coleman loses her race discrimination case on a technicality.").

[4] The Second Circuit has since held that extensions can be granted in the absence of good cause. Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007).

Phoenix Health Systems, Inc., 2004 WL 943905 (D. Md. 2004)(not reported in F.Supp.2d)(failure to show good cause).

The Court is still of the opinion that an extension for service was warranted. True, Plaintiff is represented by counsel, gives no good reason for the failure, and could have easily achieved service, given Defense counsel's offer to sign a waiver. On the other hand, Defendant had actual notice of this case less than two weeks after it was filed. Thus, there is no unfair surprise or harm to Defendant, nor is Defendant prejudiced in any way from defending itself on the merits. Further, it is undisputed that Plaintiff's refiled case would be barred by the relatively short statute of limitations if this case is dismissed under Rule 4(m). *See* 1993 Amendment to Rule 4(m)("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, . . . ."). Under these circumstances, the Court believes that an extension was and still is warranted. *See, e.g.,* Ross v. Town of Plainfield, 2009 WL 3055301 (S.D. Ind. 2009)(not reported in F.Supp.2d)(allowing extension of time even though no efforts to serve for nearly a year and no attempts to evade service; statute of limitations would have barred suit).

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be denied (d/e 12).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: July 27, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE