UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEVIN GERRARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-cv-1272 |
| ANDREWS INTERNATIONAL INC., as successor in Interest to GARDA SECURITY INC., as successor in Interest to Vance Uniformed Protection Services | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), and Memorandum in Support (Docs. 12 & 13). Plaintiff has filed his Response in opposition to the Motion. (Doc. 16). Also before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Cudmore on the Motion to Dismiss, in which he recommends that the Motion be denied. (Doc. 17). Defendant has timely filed Objections to the R&R and a Memorandum in Support, and Plaintiff has filed a Response to Defendant's Objections. (Docs. 18, 19 & 20). For the reasons stated below, the Motion to Dismiss is denied, and the R&R is adopted.

### BACKGROUND

On May 14, 2009, Plaintiff filed charges against Defendant with the EEOC alleging sexual discrimination and retaliatory action. The EEOC issued a Right to Sue Letter, pursuant to which Plaintiff filed the instant suit on August 10, 2009.

(Doc. 1). Plaintiff's Complaint was filed 88 days after the issuance of the Right to Sue Letter, which was two days prior to the expiration of the applicable statute of limitations. (Doc. 17 at 2). Plaintiff had previously filed a defamation suit against Defendant in April 2008, which was removed to this Court on June 23, 2008. (Doc. 17 at 2; 1:08-cv-01146 Doc. 1). Counsel for the parties is the same in both actions.

On August 20, 2009, in connection with the instant litigation, Defendant's counsel informed Plaintiff's counsel that he had been notified of this second lawsuit and offered to sign a waiver of service on Defendant's behalf. (Doc. 13 Exhb. 1).[1] Plaintiff's counsel acknowledged receipt of this e-mail, however she never sent the agreed upon waiver request. (Doc. 13 at 3). On January 4, 2010, Magistrate Judge Cudmore issued a text order noting that the record did not reflect service upon Defendant within the 120-day period provided by Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"), and directing Plaintiff to file a status report showing cause why the case should not be dismissed. (1/04/2010 Text Order). Plaintiff's counsel responded by admitting fault in failing to send the waiver and asked the Court to allow time for a waiver to be sent. (Doc. 5). Magistrate Judge Cudmore granted the request for additional time to send the waiver, which was sent by Plaintiff on February 9, 2010. (1/15/2010 Text Order; Doc. 7). Defendant executed the waiver of

---

[1] Defense counsel sent Plaintiff's counsel the following email: "Carrie: I see from my firm's docket-reporting service that Gerrard filed a second lawsuit against Garda/Andrews recently. Last I checked, my client had not yet received service of this new suit. To make things easier on both sides, I suggest that you send a Rule 4(d) request for waiver of service directly to me; if you do so, I will accept it on Andrew's behalf." (Doc. 13 Exhb. 1).

2

service, and subsequently moved to dismiss this action as time-barred by the applicable statute of limitations. (Doc. 12).

Defendant argued that although the statute of limitations tolled during the 120 days for service, because service was not perfected within this time period the clock resumed on December 8, 2009 and expired 2 days later, on December 10, 2009. In the alternative, Defendant argued that Magistrate Judge Cudmore should not have allowed Plaintiff to serve process outside of the 120-day window. In his R&R issued on July 28, 2010, Magistrate Judge Cudmore rejected Defendant's arguments and recommended that its Motion to Dismiss be denied. (Doc. 17). Magistrate Judge Cudmore first found that Plaintiff's Complaint was timely filed and, because, it was never dismissed for failure to serve, could not become untimely due to late service. (Doc. 17 at 5). Thus, he construed Defendant's motion as a motion to dismiss under Rule 12(b)(4) and/or 12(b)(5) based on an argument that the Court should not have extended Plaintiff's time for service under Rule 4(m). (Doc 17 at 5). However, after finding that the district court has wide discretion to grant an extension of time for service under 4(m), Judge Cudmore determined that doing so under the circumstances of this case was warranted. (Doc. 17 at 9). On August 11, 2010, Defendant filed its Objection to the R&R and Memorandum in Support. (Docs. 18 & 19). On August 24, Plaintiff filed its Response. (Doc. 20).

## LEGAL STANDARDS

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (*citing Tamayo v. Blagojevich,*

3

526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084). In addition, a complaint may be dismissed "for failure to state a claim if the allegations, taken as true, show that the plaintiff is not entitled to relief," for example, if the allegations "show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

A district court reviews *de novo* any portion of a Magistrate Judge's R&R to which a "specific written objection has been made." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## DISCUSSION

I. **Impact of Untimely Service of Process Upon Statute of Limitations**

Defendant does not contest that Plaintiff's claim was originally filed within the applicable statute of limitations, rather it argues that the claim became barred on December 10, 2009, two days after the 120-day period for service of process had

expired. (Doc. 19 at 1-2). In its Objection to the R&R, Defendant argues that Magistrate Judge Cudmore was mistaken in his finding that the statute of limitations did not begin to run again after Plaintiff failed to serve Defendant within 120 days. (Doc. 19 at 2). Defendant first argues that this mistake was based upon a misreading of *Frasca v. United States*, 921 F.2d 450 (2d Cir. 1990), and a failure to address several other cases which held that "a timely filed claim becomes untimely for statute of limitations purposes because of late service." (Doc. 19 at 5).

Defendant is correct that in *Frasca*, the Second Circuit held "that the filing of a complaint does not toll the applicable statue of limitations beyond the 120-day period for service provided by Rule 4(j)" even though an order of dismissal is not yet entered. 921 F.2d at 451. However, *Frasca* was decided before the 1993 Amendments to Federal Rule of Civil Procedure 4(m). This is important because prior to the amendments, the rules established that dismissal for untimely service was mandatory unless plaintiff could show good cause, *id.* at 453, whereas after them courts were given the discretion to enlarge the 120 day period even if no good cause was shown. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 339, 341 (7th Cir. 1996).[2] Further, in the Advisory Committee Notes to the 1993 amendments to

---

[2] Several other district courts have recognized this distinction as a basis to disregard the rule in *Frasca* that the statute of limitations automatically resumes upon the termination of the 120 day period for service of process, resulting in a claim becoming moot as time-barred. *See Padilla v. Walgreen Hastings Co.*, 2009 WL 2951025 (D.N.M. 2009) ("Second, and more important, *Frasca v. United States* was decided before the 1993 amendments to rule 4, in which the permissive extension was added.); *Campbell v. Angela Hospice Home Health Care, Inc.*, 2007 WL 4571456 (E.D. Mich. 2007) (finding that previous New York decisions did not reflect "a bright line rule that the running of a statute of limitations automatically resumes at the

Rule 4, the Committee states that one of the reasons a district court may use its discretion to enlarge the time for service is "if the applicable statute of limitations would bar the refiled action." FED. R. CIV. P. 4 Advisory Committee's Notes. The *Frasca* holding is at odds with this provision. It would be nonsensical to say that a court may use its discretion to extend plaintiff's time to serve process with the goal of saving its claim from becoming time-barred if the claim would, in fact, already be barred regardless of dismissal. Accordingly, the Second Circuit's holding in *Frasca* that the statute of limitations automatically restarts upon the termination of the 120-day period to serve process is not applicable here.

Defendant also cites to several district court cases decided after the 1993 amendments had been implemented to support its proposition that a timely filed claim becomes untimely due to the resumption of the statute of limitations after the 120-day window for process-serving. (Doc. 19 at 5-6). These cases include *Hughes v. Wellpoint*, No. 4:05-cv-1832, 2006 U.S. Dist. LEXIS 37659, at *3 (E.D. Mo. June 8, 2006), *Cooper v. Phoenix Health Systems, Inc.*, No. JFM-03-2582, 2004 U.S. Dist. LEXIS 7509, at *2-3 (D. Md. March 15, 2004), and *Amnay v. Del Labs*, 117 F.Supp.2d 283 (E.D.N.Y. 2000). All of these cases, however, rely on *Frasca*, either directly or indirectly, for the proposition that the statute of limitations resumes due to late service of process under Rule 4(m). Because this Court does not believe *Frasca* to be applicable to the instant situation, nor does it find the logic of these

---

conclusion of the 120 day period set out in Fed. R. Civ. P. 4(m)" in part because "the Rule applied in *Frasca* no longer exists.").

6

three district courts greatly persuasive,[3] it is not bound to follow their holdings on the matter. *See Colby v. J.C. Penny Co.,* 811 F.2d 1119, 1124 (7th Cir. 1987) ("district judges in this circuit must not treat decisions by other district judges . . . in other circuits, as controlling . . . . Such decisions will normally be entitled to no more weight than their intrinsic persuasiveness merits.").

Finally, Defendant points to two Seventh Circuit decisions, *Geiger v. Allen*, 850 F.2d 330 (7th Cir. 1988)[4] and *Coleman v. Milwaukee Board of School Directors*, 290 F.3d 932 (7th Cir. 2002), which, Defendant argues, "implicitly recognize that a failure of timely service causes the statute of limitations to begin to run again." (Doc. 19 at 6). In *Coleman*, the district court dismissed a plaintiff's claims under Title VII and the Thirteenth Amendment for want of timely service. 290 F.3d at 933. Because the applicable statute of limitations had run on plaintiff's Title VII claim, this dismissal under Rule 4(m) had the effect of a dismissal with prejudice. *Id.* at 934. The Seventh Circuit, in a split panel decision, upheld the dismissal under an abuse of discretion standard, even though it noted that most district judges under such circumstances would "exercise lenity and allow a late service." *Id.*

---

[3] Both *Cooper* and *Hughes* are short, conclusory in nature, and fail to discuss the changes brought about by the 1993 amendments to Rule 4. *See Hughes*, 2006 U.S. Dist. LEXIS 37659 at *1-4; *Cooper*, 2004 U.S. Dist LEXIS 7509 at *1-4. *Amnay*, on the other hand, discusses Rule 4(m) and the factors that a court is to consider when determining whether to excuse a plaintiff's failure to serve within 120 days, including whether the applicable statute of limitations would bar the refiled action, before stating that to grant relief would be moot because the statute of limitations had already run on the claim. 117 F. Supp. 2d at 287. As the Court previously mentioned in this opinion, it would not make sense to take into consideration whether a claim would be barred if dismissed if it is already barred regardless.

[4] As *Geiger*, like *Frasca*, was decided prior to the 1993 amendments to Rule 4 the Court does not find it to be applicable here.

7

The Seventh Circuit found that while the district court was required to consider a balance of hardships in making its determination, including whether dismissal under Rule 4(m) would result in dismissal with prejudice due to the running of the applicable statute of limitations, it was not *required* to grant the plaintiff an extension under such circumstances. *Id.*

Based upon the language used by the Seventh Circuit, this Court interprets *Coleman* to imply that courts must take into account whether dismissal under Rule 4(m) will, in fact, be with prejudice due to the running of the statute of limitations. Further, *Coleman* seems to indicate that under such circumstances, the case should ordinarily not be dismissed. It logically flows that the reason a court would not dismiss a claim if doing so would result in it being barred by the statute of limitations, is that if the claim were *not dismissed*, the claim would *not be barred* by the statute of limitations. In other words, this Court reads *Coleman* to imply that unless a claim is dismissed, the statute of limitations cannot make a timely filed claim untimely due to failure to serve. *See also Mann v. American Airlines*, 324 F.3d 1088, 1091 (9th Cir. 2003) ("the failure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless the failure to serve process causes the district court to dismiss the action."). Thus, this Court agrees with the R&R that "the statute of limitations comes into play only after the case is dismissed for late service, when the plaintiff *refiles* the case." (Doc. 17 at 5 (emphasis in original)).

.

## II.     Discretionary Extension of Time to Serve

Defendant also objects to Magistrate Judge Cudmore's decision to grant Plaintiff an extension of time for service under Rule 4(m). (Doc. 19 at 9). Defendant argues that Plaintiff has shown neither "good cause" nor "excusable neglect" for his failure to serve, and thus is not entitled to an extension under Rule 4(m). (Doc. 19 at 9-10). In his R&R, Magistrate Judge Cudmore acknowledged Plaintiff's lack of good cause, however he determined that the extension for service was nevertheless warranted within the Court's discretion. (Doc. 17 at 9).

In *Panaras v. Liquid Carbonic Industries* Corp., 94 F.3d 338, 340-41 (7th Cir. 1996) the Seventh Circuit discussed the analysis a court should use in determining whether to dismiss a claim for failure to serve pursuant to Rule 4(m). According to *Panaras*, the court must first inquire whether good cause exists for failing to timely serve; if it does, the court must extend the time for service. *Id.* at 340. Even if good cause does not exist, however, *Panaras* indicates that the court may still consider whether a permissive extension of time is warranted. *Id.* at 341. Several years later, in *Coleman*, this Circuit articulated several factors for a district court to consider in its determination of whether to grant such a permissive extension. These factors include whether the defendant will be prejudiced by allowing late service, whether the defendant had actual notice of the suit, and, as previously mentioned, whether the court's dismissal would result in the barring of the claim due to the running of the statute of limitations. *See Coleman*, 290 F.3d at 934.

9

In reaching his decision that a permissive extension was warranted in this case, Magistrate Judge Cudmore considered all of these factors and found that 1) Defendant had actual notice of this case less than two weeks after it was filed; 2) because Defendant had such notice, it is not prejudiced in any way from defending the claim on the merits; and 3) Plaintiff's refiled case would be barred by the applicable statute of limitations. (Doc. 17 at 9).  Because the balance of hardships in this case weighs heavily in Plaintiff's favor, this Court agrees with Magistrate Judge Cudmore that, upon consideration of these factors, it was proper to grant Plaintiff an extension under Rule 4(m).

## Conclusion

For the foregoing reasons, Magistrate Judge Cudmore's R&R (Doc. 17) is ADOPTED, Defendant's Objections to the R&R (Doc. 18) are OVERRULED, and Defendant's Motion to Dismiss (Doc. 12) is DENIED.  This matter is REFERRED to Magistrate Judge Cudmore for further pretrial matters.  IT IS SO ORDERED


Entered this 16th day of September 2010.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                                  United States Senior District Judge